[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15265
Non-Argument Calendar
_____

D.C. Docket No. 8:16-cv-01022-MSS-MAP


COLETTE MARQUIS,

Plaintiff-Appellant,

versus

DEUTSCHE BANK NATIONAL TRUST COMPANY,
As Trustee For Long Beach Mortgage
Loan Trust 2006-WL3,
SELECT PORTFOLIO SERVICING,
CHASE BANK,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 2, 2018)

Before MARCUS, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Plaintiff Colette Marquis filed a lawsuit against Defendants Deutsche Bank National Trust Company, Select Portfolio Servicing, and Chase Bank, seeking rescission of her mortgage under the Truth in Lending Act, 15 U.S.C. § 1635, an injunction to stop the foreclosure of her home, and damages. The district court *sua sponte* dismissed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. After careful review, we affirm.

## I.    BACKGROUND

In 2005, Plaintiff entered a loan agreement with Long Beach Mortgage Loan Company for the purchase of her first home. Chase Bank took over servicing of the loan in 2008. In 2012, it assigned the note and mortgage to Deutsche Bank National Trust Company and in 2015 it assigned the servicing rights to Select Portfolio Servicing. Plaintiff stopped making payments on the loan in 2012 and the home is now in foreclosure proceedings. In 2016, Plaintiff sent the lenders a notice of rescission of the loan transaction.

That same year, she filed the present lawsuit against Defendants seeking rescission of the mortgage pursuant to the Truth in Lending Act, an injunction to

2

stop the foreclosure of her home, and damages.[1]  The district court dismissed Plaintiff's complaint pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim. Specifically, the district court concluded that the subject loan transaction did not qualify for rescission under the Truth in Lending Act and therefore Plaintiff could not maintain an action to enforce that right.  Because Plaintiff failed to state a claim upon which relief may be granted, the court concluded that she was not entitled to injunctive relief.  This appeal followed.

## II.    DISCUSSION

We review the district court's *sua sponte* dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) *de novo*, viewing the allegations in the complaint as true.  *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).  The standards that govern dismissals under Federal Rule of Civil Procedure 12(b)(6) apply to dismissals under § 1915(e)(2)(B)(ii).  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  Section 1915(e)(2)(B)(ii) provides that a district court shall dismiss a case *in forma pauperis* at any time if it determines that the action fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  To survive dismissal for failure to state a claim, a complaint must contain sufficient facts that, accepted as true, state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556

---

[1]  After Plaintiff filed an initial complaint and motion to proceed *in forma pauperis*, a magistrate judge denied the motion to proceed *in forma pauperis* without prejudice, concluding that Plaintiff's initial complaint failed to comply with Federal Rule of Civil Procedure 8.  The magistrate judge directed Plaintiff to file an amended complaint that complied with Rule 8's pleading requirements.

3

U.S. 662, 678 (2009).  A claim is plausible on its face when there is a "reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Truth and Lending Act provides that when a loan made in a consumer credit transaction is secured by the consumer's principal dwelling, the consumer has the right to rescind the transaction within a certain time frame.  15 U.S.C. § 1635(a).  However, the right to rescind does not apply to a "residential mortgage transaction," which is defined as "a transaction in which a mortgage . . . is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." *Id.* § 1635(e); 15 U.S.C. § 1602(x).  A "dwelling," in turn, is defined as "a residential structure or mobile home which contains one to four family house units, or individual units of condominiums or cooperatives." *Id.* § 1602(w).

Here, the district court did not err by dismissing Plaintiff's complaint for failure to state a claim.  The allegations in the complaint make clear that the subject loan was for the acquisition of Plaintiff's primary residence and therefore met the definition of a residential mortgage transaction.  Indeed, Plaintiff alleged that she began "co-ownership" of her home in 2005 and that it was she and her then-husband's first home purchase.  She further alleged that the property is "unique in that it is a residential home" and that she brought this action to prevent the foreclosure of the home that she had lived in with her children for the past ten

4

years.  Because residential mortgage transactions are exempt from a right of rescission under the Truth in Lending Act, Plaintiff has no claim for relief to enforce that right.  *See* 15 U.S.C. §§ 1635(a), (e), 1602(w)-(x).  Moreover, given that Plaintiff asserts no claim for which relief may be granted, she is not entitled to injunctive relief.  *See Klay v. United Healthgroup. Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004) ("For a traditional injunction to be even theoretically available, a plaintiff must be able to articulate a basis for relief that would withstand scrutiny under Fed. R. Civ. P. 12(b)(6) (failure to state a claim).").

**AFFIRMED.**